UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-00398-FWS-AGR Date: February 27, 2026
Title: Akop Dzhulakyan v. Kristi Noem *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER TO GOVERNMENT COUNSEL KAREN E. SMITH TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT ISSUE, AND TO APPEAR IN PERSON AT MARCH 5, 2026 HEARING**

On January 29, 2026, Petitioner Akop Dzhulakyan filed this Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 against Respondents Kristi Noem, Secretary of the Department of Homeland Security; Todd Lyons, Acting Director of Immigration and Customs Enforcement; and Fereti Semaia, an administrator at Adelanto Detention Center. (Dkt. 1 (Petition).) On February 2, 2026, Magistrate Judge Alicia G. Rosenberg issued an Order Requiring Response to the Petition. (Dkt. 4.) Magistrate Judge Rosenberg ordered Respondents to serve and file a Notice of Appearance within 14 days, and file a motion to dismiss no later than 60 days or an answer no later than 75 days from the date of the order. (*Id.* ¶¶ 2, 3, 6.)

On February 6, 2026, Petitioner filed an *Ex Parte* Application for Temporary Restraining Order. (Dkt. 5 ("TRO Application").) The court set a deadline for Respondents to file a response to the TRO Application of February 9, 2026, at 5:00 p.m., and further ordered that "Petitioner shall not be removed or relocated from the Central District of California, pending further order of court." (Dkt. 6.) Respondents filed nothing. (*See generally* Dkt.)

On February 10, 2026, the court granted the TRO Application, ordering Respondents to release Petitioner from custody on or before February 13, 2026, at 1:00 p.m. Pacific Standard Time. (Dkt. 8.) The court also ordered Respondents to show cause in writing as to why the court should not issue a preliminary injunction on or before February 18, 2026. (*Id.*) That same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-00398-FWS-AGR Date: February 27, 2026
Title: Akop Dzhulakyan v. Kristi Noem *et al.*

day, after the court issued the order granting the TRO Application, Respondents filed a Notice of Appearance of Counsel Karen E. Smith. (Dkt. 9.) As of the present date—9 days after Respondents' deadline to show cause why a preliminary injunction should not issue—Respondents have filed nothing. (*See generally* Dkt.) A hearing on the issue of whether a preliminary injunction should issue is set for March 5, 2026, at 10:00 a.m., in Courtroom 10D. (Dkt. 8.)

On February 24, 2026, Petitioner filed a Motion to Strike, noting that Respondents failed to comply with the court's February 18, 2026 deadline (after also failing to comply with the court's deadline to respond to the TRO Application), and requesting that the court deem any opposition waived and decide Petitioner's Application as unopposed, or strike or disregard any untimely opposition filed. (Dkt. 10 (citing, among other authority, C.D. Cal. L.R. 7-12).) Petitioner does not advise whether Respondents complied with the court's order to release Petitioner.

Based on the record, as applied to the relevant law, Respondents' counsel Karen E. Smith is **ORDERED TO SHOW CAUSE** in writing on or before **March 3, 2026** why she should not be sanctioned for failing to comply with the court's February 10, 2026 order to show cause by February 18, 2026 why a preliminary injunction should not issue. (Dkt. 8.) Ms. Smith is further **ORDERED** to appear in person at the March 5, 2026 hearing at 10:00 a.m. in Courtroom 10D. **Failure to comply with the court's order to show cause in writing or to appear at the hearing may result in the court issuing appropriate sanctions.**

**Separately, Ms. Smith's failure to appear at the March 5, 2026 hearing will result in the court issuing a preliminary injunction.**

Finally, the court's prior order that "Petitioner shall not be removed or relocated from the Central District of California, pending further order of court" (Dkt. 6) remains in full force and effect.